935 F.2d 272
 UNPUBLISHED DISPOSITION
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Carl W. FULLER, Plaintiff-Appellant,
v.
BUHRKE INDUSTRIES, Fred Buhrke, Chairman and President, and
Pat Buhrke, Executive Vice President, et al.,
Defendants-Appellees.[1]
 No. 90-1937.
 United States Court of Appeals, Seventh Circuit.
 Submitted May 29, 1991.*
Decided June 7, 1991.
 
 Before CUMMINGS, POSNER and MANION, Circuit Judges.
 
 ORDER
 
 1
 Appellant Carl Fuller appeals the district court's denial of his motion to proceed in forma pauperis and dismissal, as frivolous under 28 U.S.C. Sec. 1915(d), of his civil rights complaint brought pursuant to 42 U.S.C. Sec. 1985(2) and (3).
 
 
 2
 A pro se litigant's pleadings are liberally construed. Woods v. Thieret, 903 F.2d 1080 (7th Cir.1990). An in forma pauperis complaint can only be dismissed as frivolous "where it lacks an arguable basis either in fact or law." Neitzke v. Williams, --- U.S. ----, 109 S.Ct. 1827, 1831 (1989).
 
 
 3
 Reading the complaint liberally, Fuller alleges under Sec. 1985(3) that the defendants, his employers, conspired to deny him equal protection of the law based on a discriminatory animus against his class, "employees". Fuller alleges that he was required to work in unsafe conditions, resulting in two injuries. He also alleges increased harassment following his complaints about such conditions and after he filed suit.[2] He contends that the defendant class, "owner-managers", began the conspiracy "40 years ago when fred [sic] Buhrke started Buhrke Industries, to deny its employees the equal protection of the law." The district court correctly concluded that Fuller's claim lacked an arguable basis in fact and law. Fuller's suit falls squarely within the "economic and commercial animus" classification which the United States Supreme Court has held is not actionable under Sec. 1985(3). United Brotherhood of Carpenters & Joiners, Local 610 v. Scott, 463 U.S. 825 (1983). See also Munson v. Friske, 754 F.2d 683 (7th Cir.1985). Even if we were to read his complaint as stating a First Amendment violation, Fuller still could not bring this claim under Sec. 1985(3). "[W]e conclude that an alleged conspiracy to infringe First Amendment rights is not a violation of Sec. 1985(3) unless it is proved that the State is involved in the conspiracy or that the aim of the conspiracy is to influence the activity of the State." Scott, 463 U.S. at 830. Fuller has made no such allegation.
 
 
 4
 Fuller also attempted to raise a claim under section Sec. 1985(2). He alleges that the harassment he received served to intimidate other employees who were potential witnesses in this case. This treatment, he contends, was an example to others of what would happen to them if they testified. Fuller alleges that he encountered considerable resistance from the defendants after filing the first suit, particularly when he attempted to serve defendants at his place of employment during working hours. The district court did not discuss this allegation when denying Fuller leave to proceed in forma pauperis.
 
 
 5
 The United States Supreme Court has held that there is no requirement that a complainant show a discriminatory class-based animus when alleging an obstruction of justice claim for suits brought in federal courts under the first clause of Sec. 1985(2). Kush v. Rutledge, 460 U.S. 719, 727-28, 103 S.Ct. 1483, 1488 (1983).[3] The pertinent part of Sec. 1985(2) provides:
 
 
 6
 If two or more persons in any State or Territory conspire to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so attended or testified ... the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against one or more of the conspirators.
 
 
 7
 Fuller, however, alleges little more than a continuing pattern of harassment which caused him to file this suit in the first place. The only other allegation contained in the complaint is that the defendants prohibited him from serving some of the defendants at his place of employment during his working hours. This act cannot be construed as "force, intimidation, or threat" under Sec. 1985(2).
 
 
 8
 The decision of the district court is AFFIRMED.
 
 
 
 *
 After preliminary examination of the brief, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Rule 34(a), Fed.R.App.P.; Circuit Rule 34(f). Appellant has filed a statement requesting oral argument. Upon consideration of that statement, the brief, and the record, the request for oral argument is denied and the appeal is submitted on the brief and record
 
 
 [1]
 This suit was dismissed before the defendants were required to answer or appear before the district court. Therefore, the defendants never filed an appearance in the district court and were not officially parties to this suit. The defendants, upon notification to this court, did not file a brief in this appeal
 
 
 [2]
 Fuller filed an earlier complaint and motion to proceed in forma pauperis which the district court dismissed without prejudice. The court pointed out the deficiencies in his complaint and gave him an opportunity to remedy the defects
 
 
 [3]
 The Court found that a class-based animus would be necessary under the second clause of Sec. 1985(2) for an allegation of obstruction in state court proceedings